**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

THE STATE OF COLORADO,

Plaintiff,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security, et al.,

Defendants.

Case No. 1:26-cv-04832-SKC-KAS

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE, DOCKET NO. 14**

On October 23, 2026, the Court issued an Order to Show Cause requiring the parties to show cause in writing why this case should not be consolidated with *GreenLatinos et al., v. Mullin et al.*, 1:26-cv-04629. The Court's Order notes "it appears to the Court that consolidation of these cases is warranted—at minimum for matters of discovery." Dkt. No. 14.

Defendants take no position on consolidation. Defendants note, however, that discovery is appropriate in neither *State of Colorado* nor *GreenLatinos*. Both actions allege National Environmental Policy Act (NEPA) claims that are reviewed under the Administrative Procedure Act (APA), 5 U.S.C. § 706. *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 704 (10th Cir. 2009) ("As with other challenges arising under the APA, we review an agency's NEPA compliance to see whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law.") (internal quotation marks omitted); *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000) ("Because NEPA does not provide for a private right of action, plaintiffs rely on the judicial review provisions of the APA in bringing their claims."). It is well established that judicial review in APA cases is limited to the administrative record rather than evidence produced in discovery. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419 (1971) (The Court's review must be based on the "'whole record' compiled by the agency: the basis for review required by [Section] 706 of the [APA]." (citation omitted)). As such, consolidation for matters of discovery is not warranted, as these cases will proceed under the Local Rules of Practice of the United States District Court for the District of Colorado – AP Rules. *See* D.C.COLO.LAPR 1.1(c) (noting AP rules apply to "a case commenced under 5 U.S.C. § 706").

Respectfully submitted on this 30th day of October 2026,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division
United States Department of Justice

*<u>/s/ Jordan P. Cohen</u>*

JORDAN P. COHEN (CO Bar No. 55298)
Natural Resources Section
999 18th Street
North Terrace, Ste. 600
Denver, CO 80202
(202) 598-9094
jordan.cohen@usdoj.gov

HAYLEY A. CARPENTER (CA Bar No. 312611)
KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Natural Resources Section
P.O. Box 7611
Washington, DC 20044
(202) 305-0242 (Carpenter)
(202) 305-0486 (Perez)
hayley.carpenter@usdoj.gov
krystal-rose.perez@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

I hereby certify that no portion of the foregoing Defendants' Response to the Court's Order to Show Cause, Docket No. 14 was drafted by artificial intelligence.

/s/ *Jordan P. Cohen*______
Jordan P. Cohen